UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Towle

   v.                                                  Civil No. 15-cv-117-SM

Warden, New Hampshire State
Prison for Men

**REPORT AND RECOMMENDATION**

    Before the court is New Hampshire State Prison inmate Robert Towle's "omnibus" motion (doc. no. 8), seeking a hearing, appointed counsel, the excuse of his procedural defaults, a finding that he received ineffective assistance and an inadequate trial, and relief from a previous deadline set by the court.

**DISCUSSION**

I.   **Premature Requests**

    In his omnibus motion, Towle requests a finding of this court that he received ineffective assistance of counsel and that his trial process was inadequate. These requests are denied, without prejudice, as premature. The petition has not yet been served on respondent, and thus, the respondent has not

had the opportunity to respond to the claims. A ruling on the claims is therefore inappropriate at this time, and, accordingly, that aspect of the motion should be denied without prejudice as premature.

Towle also requests that the court excuse any procedural defaults of any of his claims. The court has already denied a previous request to excuse any procedural default of petitioner's claims as premature, without prejudice to Towle's ability to seek such relief if and when a procedural default defense is raised to any of his claims. See Order (Aug. 30, 2015). For the same reasons, the request is still premature, and should be denied as such.

Towle seeks an evidentiary hearing. Again, prior to service of the petition on the respondent, no evidentiary hearing is warranted, and the request for a hearing is therefore premature. Towle may seek an evidentiary hearing at a later date, if appropriate, pursuant to 28 U.S.C. § 2254(e)(2) and Rule 8 of the Rules Governing § 2254 Procedures, to the extent permitted under Cullen v. Pinholster, 563 U.S. 170, 185-86 (2011) (limiting federal habeas courts' ability to consider new evidence not in state court record in reviewing § 2254

petition). Accordingly, the motion for an evidentiary hearing should be denied without prejudice to refiling after respondent has appeared, consistent with this Report and Recommendation.

## II. Appointment of Counsel

Towle requests the appointment of counsel to represent him in this matter, asserting that he has insufficient legal knowledge or expertise to pursue this matter on his own. Towle, however, has filed several pleadings and motions in which he has been able to clearly identify his claims and other requests for relief. Towle has failed to assert any exceptional circumstances such that fundamental fairness impinging on his right to due process is likely to result if counsel is not appointed at this time. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The request for court-appointed counsel should be denied without prejudice to being refiled if an evidentiary hearing is scheduled, or other circumstances show that the interests of justice so require in the future.

## III. Relief from October 22, 2015, Deadline

Towle seeks to be relieved from the October 22, 2015, deadline previously set by the court for Towle to file either a motion to amend or motion to stay. As Towle has now filed a

motion to amend, which has been ruled on in an order issued this date, the request is moot.

## Conclusion

For the foregoing reasons, the district judge should deny without prejudice all of the relief requested in the omnibus motion (doc. no. 8). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 23, 2016

cc: Robert Towle, pro se