**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Robert Towle

    v.                                                    Civil No. 15-cv-117-SM

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court in this habeas corpus action is
"Respondent's Motion to Dismiss" (Doc. No. 18), which has been
referred to this Magistrate Judge for a report and
recommendation as to disposition.  Also before this court for
ruling are two motions filed by the petitioner: a "Rule 12(e)
Motion," (Doc. No. 24), seeking a more definite statement of the
arguments the respondent has asserted in the motion to dismiss;
and a "Motion to Bar and Preclude Respondent's Motion to
Dismiss" (Doc. No. 26).  Respondent has filed a response to the
petitioner's motions (Doc. No. 28).

**Background**

In this action, filed pursuant to 28 U.S.C. § 2254, Towle
has raised fourteen claims for relief, identified as Claims 1-14
in this Court's August 28, 2015 Order (Doc. No. 5) ("August 28
Order").  In the August 28 Order, the court directed Towle to
move to amend his petition to assert the federal nature of his

claims, and either to demonstrate that each of those claims had

been exhausted in the state courts, or to move to stay this

action to allow him exhaust his state remedies before proceeding

here.

Thereafter, Towle filed a motion to amend his petition

(Doc. No. 9).  Attached to that motion were state court

documents demonstrating that in proceedings beginning in

Superior Court in September 2015, and ending in the New

Hampshire Supreme Court ("NHSC") on December 7, 2015, Towle had

exhausted all fourteen of the federal claims asserted in the

§ 2254 petition.  See Doc. Nos. 9-1, 9-2, 9-3.  This court

granted Towle's motion to amend, finding that the federal nature

of Towle's claims had been exhausted, in an Order (Doc. No. 13)

issued March 23, 2016 ("March 23 Order").


## Discussion

### I.   Motion to Dismiss

The respondent has filed a motion to dismiss (Doc. No. 18)

Towle's habeas petition, asserting two bases for dismissal: 1)

that Towle failed to raise the federal claims asserted in his

petition in either the trial court, the state post-conviction

court, or the NHSC; and 2) that thirteen of Towle's fourteen

claims here are procedurally barred, that Towle has not

demonstrated cause and prejudice for the procedural bar, and

thus, that this court is precluded from reviewing those claims.

A.    Exhaustion

"[A] habeas petitioner must 'exhaust[] the remedies available in the courts of the State' before seeking relief on a given claim in federal court."  Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir.) (quoting 28 U.S.C. § 2254(b)(1)(A)), cert. denied, 137 S. Ct. 312 (2016).  To exhaust his remedies, a petitioner "'must have tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Jaynes, 824 F.3d at 192 (citation omitted).

Here, petitioner has demonstrated, in his filings in this court, that the federal constitutional claims he seeks to assert here have been raised in the state Superior Court and in the New Hampshire Supreme Court, see Doc. No. 9-1, at 1-4; Doc. No. 9-2, at 1; Doc. No. 9-3, at 4-6, and thus are exhausted. Respondent's assertions to the contrary are contradicted by the record before the court, including by documents to which respondent specifically refers and cites in his motion to dismiss.  Accordingly, to the extent the respondent's motion to dismiss rests on Towle's alleged failure to exhaust his federal habeas claims, the motion should be denied.

B.    Procedural Default

The respondent also asserts in his motion to dismiss (Doc.

No. 18), that thirteen of the fourteen claims Towle pursues in this action are procedurally defaulted.  This court denies that motion, in part, without prejudice, in light of respondent's assertion in the motion that he intends to "file a more comprehensive motion for summary judgment and supporting memorandum of law," with respect to those claims.  Doc. No. 18, at 5.  In the interest of justice, this court should have the benefit of respondent's best and most comprehensive arguments on the point, and Towle's response to those arguments, prior to considering its merits.  Accordingly, the district judge should deny the motion to dismiss (Doc. No. 18) to the extent it seeks dismissal on grounds of procedural default, without prejudice to the respondent's ability to assert those arguments on summary judgment, where the court can consider the question with the benefit of more comprehensive briefing.

## II.   Pending Motions (Doc. Nos. 24, 26)

Towle has filed two motions (Doc. Nos. 24, 26) concerning the respondent's motion to dismiss (Doc. No. 18) that would be moot if the motion to dismiss is denied.  Towle seeks a more definite statement and/or clarification of arguments in the motion to dismiss, see Towle's Mot. (Doc. No. 24), and also seeks to "bar and preclude" the motion to dismiss on procedural grounds, see Towle's Mot. (Doc. No. 26).  In light of the recommendation set forth herein that the district judge deny the

motion to dismiss, both of Towle's motions (Doc. Nos. 24, 26)

should be denied as moot.

## Conclusion

For the foregoing reasons, the district judge should deny

the respondent's motion to dismiss (Doc. No. 18), without

prejudice to the respondent's ability to assert, in a motion for

summary judgment, that claims in the petition are procedurally

defaulted.  The district judge should also deny Towle's motions

(Doc. Nos. 24, 26) as moot.  If the district judge issues an

order approving this report and recommendation, the deadline for

filing a motion for summary judgment in this matter will be

sixty days after the date of that order.

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168

(1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 20, 2016
cc:  Robert V. Towle, pro se
     Donna J. Brown, Esq.
     Elizabeth C. Woodcock, Esq.
     Lynmarie C. Cusack, Esq.