```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert Towle

   v.                                          Civil No. 15-cv-117-SM

Warden, New Hampshire State Prison


### REPORT AND RECOMMENDATION

   Before the court in this habeas corpus action is petitioner Robert Towle's motion for preliminary injunctive relief (Doc. No. 31), which has been referred to the undersigned magistrate judge for a report and recommendation as to disposition. Towle has also filed a "Motion for Summary Judgment as to Injunctive Relief" (Doc. No. 38), urging the court to grant his request for an injunction. An evidentiary hearing on the preliminary injunction motion was held on December 14, 2016, at which respondent, who did not file a written objection to Towle's motion, objected to the issuance of a preliminary injunction.


### Background

   Towle is an inmate at the New Hampshire State Prison ("NHSP") serving a sentence imposed after a trial at which Towle represented himself. Towle has amassed certain legal materials relating to that conviction, filling multiple file boxes, that

he claims he needs to effectively litigate collateral challenges to his conviction and, should his conviction be overturned, to retry his criminal case.[1] Towle has been advised, pursuant to Department of Corrections ("DOC") Policy and Procedure Directive ("PPD") 9.02(N), see Jan. 21, 2016 DOC Mem. (Doc. No. 31-3), that he is permitted to keep only two cubic feet of legal materials at the prison.[2] On August 1, 2016, Towle was issued a 5 Day Notice, directing him to reduce his legal materials to two cubic feet by sending the excess materials out of the prison, or

---

[1]Towle's legal materials at the prison include: paperwork from his state criminal proceedings; documents related to his state court post-conviction proceedings; legal materials and notes from his former lawyers; his own trial preparation materials and trial notes; documents relating to this case; and transcripts, witness statements, and court orders from abuse and neglect and termination of parental rights proceedings that relate to his criminal case.

[2]PPD 9.02(N) states as follows:

> 1. In order to ensure orderly conditions in an inmate's cell and in order to limit combustibles in our facilities, inmates shall be permitted to maintain legal materials not to exceed a maximum of two cubic feet or as may fit in the approved container (approx. 2 cu. Ft.) available from an approved vendor. If a container is purchased, its only use must be for legal materials.
>
> 2. In order to ensure orderly conditions in an inmate's cell, to limit combustibles in our facilities, to enhance security and to provide for the safety of staff and inmates, Maximum Security (C5) inmates legal mail quantity will be limited to a stack no longer than 1 cubic foot (12 in. X 12 in. X 12 in.).

arranging for someone to pick up the excess materials.  The 5 Day Notice stated that if Towle failed to have his excess materials sent out or picked up, those materials would be destroyed.  Towle has asserted that, because of his extended incarceration, he does not have anyone to whom he can send his legal materials, and does not have anyone who would pick them up and store them for him off of the prison grounds.  Towle reduced his legal materials to three file boxes, but as his remaining materials still exceeded two cubic feet, on August 2, 2016, NHSP Unit Manager Robert McGrath issued him a second 5 Day Notice concerning his excess legal materials.

On August 1, after receiving the first 5 Day Notice, Towle initiated a request for an exception to PPD 9.02(N) through the prison's administrative grievance process, by filing an Inmate Request Slip ("IRS") directed to the DOC Commissioner.  On August 3, 2016, NHSP Maj. Jon Fouts responded, denying Towle's request as follows:

> This is a standard that applies to all inmates and there are no provisions for exceptions.  You could move forward with the grievance procedure, but being that the Commissioner is the final grievance authority, I am not sure that this will do you any good.  Your call.  Note: Mailing out (5 day notice) at least allows you to maintain the documents.  Failing to comply with the 5 day notice means that the documents will be destroyed.  Think about that.

Aug. 3, 2016 IRS Resp. (Doc. No. 31-1, at 1).

When Towle was unsuccessful in attempting to protect his

3

legal materials through the DOC's administrative procedures, he filed an emergency motion for preliminary injunctive relief (Doc. No. 31) in this case, asserting that PPD 9.02(N), as applied to him, is unconstitutional, and requesting that the court enjoin the threatened destruction of his legal materials. Judge McAuliffe granted the motion in part, to the extent that the court directed the respondent not to destroy Towle's materials, and to provide Towle with access to the materials, pending a hearing on Towle's request for a preliminary injunction. See Aug. 10, 2016 Order (Doc. No. 32), at 2. An evidentiary hearing on Towle's preliminary injunction request was held before the undersigned magistrate judge on December 14, 2016, at which both parties appeared through counsel.[3]

Towle testified at the hearing that, at this time, he is able to store approximately two cubic feet of legal materials in his cell, and that two additional file boxes containing his legal materials are currently in McGrath's office. Towle has been able to access all of his materials as necessary, as McGrath has accommodated Towle's requests for such access. Towle seeks an injunction allowing him to keep and access all of his legal materials during the pendency of this case, any appeal

---

[3]The court appointed counsel for Towle for the limited purpose of litigating the preliminary injunction motion. See Oct. 3, 2016 Order (Doc. No. 42).

taken of this case, and any retrial of his criminal case that may occur in the future.

## Discussion

### I. Preliminary Injunction

#### A. Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "[T]he first two factors, likelihood of success on the merits and of irreparable harm, [are] 'the most important'" in the calculus." Bruns v. Mayhew, 750 F.3d 61, 65 (1st Cir. 2014). "'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'" See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)). The burden of proof is on the movant. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

B.  Irreparable Harm

Towle contends that he will suffer irreparable harm if he is not allowed to keep and access all of his legal materials currently stored at the NHSP, as he needs the materials to challenge his conviction and to retry his case, if that challenge is successful.  Towle asserts that an injunction ordering that prison officials continue to maintain and allow him to access all of his legal materials is necessary to protect him from irreparable harm, as, without such an injunction, he would be denied the material he needs to challenge his conviction in this habeas action.  Further, Towle asserts that even if he were allowed to maintain the materials during the pendency of this case, prison officials have not adequately guaranteed that he will have access to those materials for the purposes of appealing the decision in this case if it is not successful, or for retrying his criminal case in state court if it is.

NHSP Warden Michael Zenk testified at the December 14 hearing.  Zenk became the NHSP warden in February 2016, after serving as a warden at three different federal incarcerative facilities and in the state correctional system in Indiana.  Zenk testified that policies limiting the amount of legal materials an inmate may possess help to ensure institutional

security and inmate and staff safety, in that such policies prevent inmates and staff from having their movement or ability to see into inmate cells impeded by excess paperwork. Drawing on his experience at other facilities, Zenk testified that most sentenced inmates do not require access to more than two cubic feet of legal material. Further, Zenk testified that in the facilities where he has been the warden, prison policies limiting permissible legal materials by volume have been workable, in part because he has been able to make exceptions to such policies in specific cases on an as-needed basis.

It became clear at the December 14 hearing that the NHSP administration no longer maintains that PPD 9.02(N) is a "no exceptions" policy. Zenk's credible and undisputed testimony is that, since Fouts's denial of Towle's August 1 IRS, Zenk, in consultation with the Attorney General's office, he has established standards to evaluate inmate requests for exceptions to PPD 9.02(N) for inmates engaged in active litigation where the inmate needs more than two cubic feet of legal materials to conduct that litigation. Zenk also testified that he has made other prison officials aware that inmates may request exceptions to PPD 9.02(N). Zenk further testified that, to allow inmates a full opportunity to seek an exception to PPD 9.02(N), a 5 Day Notice issued to an inmate concerning excess legal materials will be stayed while the inmate seeks such an exception through

7

the administrative grievance process.  Zenk stated that he intends to use reason and "correctional common sense" to evaluate requests for exceptions to PPD 9.02(N).  Zenk testified that, were a NHSP inmate to request an exception to PPD 9.02(N), he would consider each request on a case-by-case basis to determine whether the requesting inmate had or anticipated ongoing litigation that required him to have more legal materials than permitted by PPD 9.02(N).  Zenk testified that, while he would review an inmate's need for legal materials, that review would not include reading all of an inmate's legal materials, or making a specific judgment as to whether the content of any particular document was necessary to the inmate's litigation efforts.

   Towle has not carried his burden of showing that he is likely to suffer irreparable harm in the absence of the requested injunction.  Zenk, through his testimony and counsel, has stated unequivocally and under oath that Towle will continue to have access to the legal materials currently at the prison while this case is pending, and during any appeal of this case to the First Circuit and the United States Supreme Court.  Further, if Towle is successful in having his conviction reversed, and needs to prepare for a retrial in this matter, respondent has stated that Towle may request an exception to PPD 9.02(N) to maintain necessary legal materials in excess of two

cubic feet, and that his materials would not be destroyed while such a request was pending.  In light of Zenk's testimony, the court has no reason to doubt that any request to maintain legal materials exceeding the limit in PPD 9.02(N) that Towle makes in the future would be considered by Zenk, who would make a reasonable determination of the request.  Any assertion that a reasonable request would not be granted, in light of the evidence before the court, is entirely speculative.

Towle has failed to meet his burden to demonstrate that he is likely to suffer irreparable harm in the absence of a preliminary injunction.  The court need not consider the remaining preliminary injunction factors at this time.  Even assuming that Towle could demonstrate a likelihood of success on the merits of his constitutional claims regarding PPD 9.02(N), Towle would not be able to overcome the finding that he will not suffer irreparable harm if no injunction issues prior to the completion of this case.  Accordingly, the district judge should deny Towle's request for preliminary injunctive relief on that basis, without prejudice to Towle's ability to refile a similar motion if prison officials do not continue to provide him with reasonable access to legal materials relevant to litigation that is currently pending in this court and in the state courts and that exceeds two cubic feet, or if Towle is denied access to legal materials necessary to litigate a retrial if he is

successful in his efforts to vacate his convictions.

## II. Culling of Documents

At the December 14 hearing, the court directed respondent's counsel to provide the court with a list of cases finding that limitations on legal materials, similar to that in PPD 9.02(N) do not violate an inmate's First Amendment right to access the courts where the policy admits of no exceptions.  Respondent filed a document (Doc. No. 51) in response to that Order. Because the court need not reach the issue of whether Towle's right to meaningfully access the courts has been violated, the court will not address that issue, or those cases, at this time.

The respondent's response (Doc. No. 51), however, included an assertion that Towle "should be made to cull" from his legal materials any documents that originated in termination of parental rights proceedings, abuse and neglect, or other proceedings, that do not bear a docket number in Towle's criminal case.  To the extent the request may be construed as a request for a court order to that effect, the request should be denied for two reasons.[4]

---

[4]The court notes that the respondent's request that the court direct Towle to remove certain documents from his legal materials was not made by motion but was, instead, relief urged in a filing unrelated to that request.  That filing did not give Towle proper notice of the respondent's request and thus denied him the opportunity to object.  Nevertheless, the court has made its recommendation as to the request at this time to avoid unnecessary future litigation in this case.  However, if the

10

First, the undisputed testimony at the evidentiary hearing clearly demonstrated the direct relevance of Towle's legal materials, including those from state court termination of parental rights and abuse and neglect proceedings, to the prosecution of this matter and to any retrial of his criminal case that may occur in the future.  The only fact that the respondent has set forth in support of his argument that the material should be culled, is that the materials in question do not bear a docket number associated with his criminal case.  The respondent has not addressed Towle's testimony that the documents were actually used at his criminal trial, and that the contents of the documents are directly related and relevant to the events that formed the basis of the criminal charges.  Further, the respondent has not asserted any fact to counter Towle's assertion that the materials are necessary to his defense at any future retrial.  Accordingly, the respondent's request should be denied as contrary to the evidence in this case.

Second, the court notes that, as implicitly expressed by Fouts and Zenk at the evidentiary hearing, it is not the appropriate function of prison personnel to make a substantive

---

court does not approve this recommendation, should the respondent seek a court order, he should properly request such relief by motion.

evaluation of whether particular documents contained within an inmate's legal materials are necessary to an inmate's underlying legal matter.  For that reason, in the context of this case, respondent's counsel has no role in determining what specific legal materials Towle needs to meaningfully and successfully prosecute a case against the respondent or in any action in which the state, or a state official, is the opposing party.  There was no evidence at the hearing that any of Towle's legal materials, currently held at the prison, were irrelevant to active and/or future legal proceedings.  To the contrary, the evidence showed that Towle, prior to filing his request for injunctive relief, had already condensed his legal materials by discarding any documents that were not relevant to a challenge to or possible retrial of his criminal case.  Accordingly, to the extent respondent's response (Doc. No. 51) is construed to include a request for a court order directing Towle to remove certain documents from his legal materials, the request should be denied.

## Conclusion

For the foregoing reasons, the district judge should dissolve the temporary restraining order (Doc. No. 32) issued August 10, 2016, and deny Towle's motions for preliminary injunction (Doc. No. 31) and for summary judgment as to

12

injunctive relief (Doc. No. 38), without prejudice to Towle's ability to renew his request for preliminary injunctive relief if prison officials deny Towle reasonable access to his legal materials in the future. The district judge should also deny respondent's request (Doc. No. 51) for an order directing Towle to cull documents from his legal materials.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 30, 2017

cc:   Robert V. Towle, pro se
      Donna J. Brown, Esq.
      Elizabeth C. Woodcock, Esq.
      Lynmarie C. Cusack, Esq.