```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert V. Towle

    v.                                            Case No. 1:15-cv-117-SM
                                                    Opinion No. 2017 DNH 107

Warden, New Hampshire State Prison

**O R D E R**

Before the court in this habeas action, is petitioner Robert Towle's motion for compliance (Doc. No. 75), requesting that the court order the respondent to produce trial transcripts referenced in defendant's motion for summary judgment (Doc. No. 72). Respondent objects (Doc. No. 76).

**Background**

The petitioner filed a petition for a writ of habeas corpus (Doc. No. 1) on April 7, 2015. On April 22, 2016, the respondent filed an answer to the habeas petition, which stated that the transcripts identified as relevant by the petitioner "will be filed conventionally with this Court." Doc. No. 15, at 2. The respondent filed a motion to dismiss (Doc. No. 18) on June 28, 2016. On July 1, 2016, the respondent filed transcripts to be considered by the court in conjunction with the motion to dismiss, that were accompanied by a cover letter. The cover letter, which consisted of a list of transcripts

submitted, was identified in the docket as an "addendum" (Doc. No. 19) to the motion to dismiss. Counsel for the respondent did not send copies of the addendum or transcripts to the petitioner.[1]

On April 3, 2017, the respondent filed a motion for summary judgment (Doc. No. 72), which specifically references the transcripts submitted as an addendum to the motion to dismiss. The petitioner has filed the instant motion for compliance (Doc. No. 75) in an effort to secure the transcripts addended to the respondent's motion to dismiss, and upon which the respondent relies in his summary judgment motion.

## **Discussion**

Towle asks the court to direct that the respondent serve him with copies of the transcripts filed conventionally in this matter, citing Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"). Respondent objects, stating that neither § 2254 Rule 5, nor "this Court's practice in Section 2254 cases" require him to serve the petitioner with conventionally filed transcripts.

---

[1]The court notes that the addendum indicates that it was copied to petitioner, and that it included an enclosure, but does not make clear that the documents enclosed with/attached to the addendum were not copied to Towle.

Doc. No. 76, at 1.

Rule 5 of the Federal Rules of Civil Procedure requires that all pleadings filed by a party be provided to every other party to the action.  See Fed. R. Civ. P. 5; see also Rule 12, Rules Governing Section 2254 Cases in the United States District Court ("§ 2254 Rules") (Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules").  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

In Rodriguez v. Fla. Dep't of Corrs., the Eleventh Circuit held that in the context of a state's answer to a § 2254 petition, "exhibits to the pleading must also be served, regardless of whether they were filed at the same time."  748 F.3d 1073, 1076-77 (11th Cir. 2014).  This includes documents that are "filed separate from the answer, but [are] referred to in it."  Id. at 1076.  The Fourth and Fifth Circuits have also held that "all documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner."  Id. at 1077 (citing Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010) and Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005)).

Here, the transcripts were first mentioned in the respondent's April 22, 2016, answer, see Doc. No. 15, at 2; but were actually entered into the record on July 1, 2016, as an addendum to the respondent's June 28, 2016, motion to dismiss (Doc. No. 18). See July 1, 2016, Addendum (Doc. No. 19). As the transcripts were referenced in the answer, the transcripts are treated as a part of the pleading itself. See Fed. R. Civ. P. 10(c). As Rule 5(a) requires that all pleadings must be provided to every party, the respondent has the responsibility to serve the petitioner with a copy of the transcripts.

Moreover, the local rules of this court require that "[d]ocuments that are filed conventionally shall be conventionally served in accordance with the Federal Rules of Civil/Criminal Procedure and the local rules of this court." AP 3.9. All of the respondent's pleadings, including the attachments thereto, therefore, must be served on the petitioner under Rules 5(a) and 10(c) and AP 3.9.[2]

---

[2]The court assumes that the transcripts respondent has filed are not available in PDF format, as transcripts so available must be filed electronically. See AP 4.3. The ability of the respondent to file transcripts electronically, however, would not relieve him of his obligation to conventionally serve the petitioner in this case with a copy of the transcripts. See AP 2.1(d) (requiring electronically filed documents to be served conventionally on all pro se litigants who are not authorized to proceed electronically in the case in which the documents are filed).

Respondent's counsel claims that her failure to provide the petitioner with copies of conventionally filed documents in this case is consistent with § 2254 Rule 5. Section 2254 Rules 5(c) and 5(d) require that the respondent file, with the answer, transcripts and other documents. Those rules neither state nor imply that such attached documents need not be served on the petitioner. See Crespin v. Stephens, No. 3:15-cv-818-D-BN, 2015 U.S. Dist. LEXIS 137855, at *7, 2015 WL 5924405, at *3 (N.D. Tex. Oct. 8, 2015) ("Respondent's inclusion of those portions of the state court records cited in his answer in a separate filing with the rest of the state court records – a filing not served on Petitioner – coupled with his decision not to physically attach those applicable portions as exhibits to the answer . . . [and] not serving Petitioner with those portions of the state court records relied on in – yet not physically attached as exhibits to – the answer does seem to strain . . . the Habeas Rules and Civil Rules 'considered together.'").

Further, to the extent the respondent's counsel relies on a bald assertion that "this Court's practice," Doc. No. 76, at 1, is not to require transcripts to be conventionally served on pro se prisoners, her reliance is misguided. It is the practice of this court to ensure that the parties follow all of the applicable substantive and procedural laws and rules in this and

all cases before it. If respondent's counsel is stating that it has been her practice to disregard those rules in this court, it has not been with the court's knowledge, much less condonation.

## Conclusion

For the foregoing reasons, the petitioner's motion for compliance (doc. no. 75) is GRANTED. The respondent is ordered to serve all of the transcripts that have been conventionally filed in this court on the petitioner on or before July 5, 2017, and to simultaneously file with the Court a certificate evidencing such service. Petitioner's deadline to respond to the motion for summary judgment (Doc. No. 72) is extended until September 5, 2017.

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

June 6, 2017

cc: Robert V. Towle, pro se
   Elizabeth C. Woodcock, Esq.
   Lynmarie C. Cusack, Esq.