UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Towle

   v.                                        Civil No. 15-cv-117-SM

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court are petitioner Robert Towle's three motions to amend (Doc. Nos. 65, 67, 91) and addenda thereto (Doc. Nos. 69, 70, 74).  Respondent has filed objections (Doc. Nos. 68, 92) to the motions to amend.

In the Order issued this date, the court has granted each of those motions to amend (Doc. Nos. 65, 67, 91), in part, to the extent it has deemed the amended petition to include the new federal claims numbered below as Claims 15-24 and has directed respondent to file an answer or other response to those claims. This Report and Recommendation recommends, for reasons stated below, that the motions to amend at issue (Doc. Nos. 65, 67, 91) be otherwise denied.

**Motion to Amend Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend a pleading as of right may amend only with the court's leave, and that "[t]he court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Rule 12, Rules Governing 28 U.S.C. § 2254 Petitions ("§ 2254 Rules") (Federal Rules of Civil Procedure apply in habeas cases to the extent they are not inconsistent with any statutory provision or the § 2254 Rules). "[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (internal quotation marks and citations omitted).

## Background

On March 23, 2016, the court directed service on the respondent, and directed respondent to answer, Towle's initial habeas petition (Doc. No. 1) and addendum to that petition (Doc. No. 9), which asserted fourteen claims. See Aug. 28, 2015 Order (Doc. No. 5), at 2-4 (listing Claims 1-14). Towle now seeks to add additional claims to this action alleging that his conviction and incarceration were obtained in violation of his state and federal constitutional rights.

## Discussion

I. **Newly Asserted Claims That May Proceed**

Each of the new federal constitutional claims asserted in

Towle's three motions to amend has been fully exhausted in the state courts. As justice requires an Order granting Towle leave to raise all of the claims he has exhausted in this case, in the Order issued this date, Towle's habeas petition is deemed amended to add the following new claims to this action[1]:

> 15. Towle's Fifth and Fourteenth Amendment right not to be subjected to double jeopardy was violated when:
>
>> (a) Towle was convicted of two separate counts of pattern aggravated felonious sexual assault, each alleging that Towle committed more than one act of aggravated felonious sexual assault on the same victim, J.T., during the same time period, where all of the sexual assaults charged in the two indictments were part of the same pattern, and was thus twice convicted of the same offense; and
>>
>> (b) Towle was sentenced to consecutive sentences on each of the two indictments, and was thus twice punished for the same offense.
>
> 16. Towle's Sixth and Fourteenth Amendment rights were violated when the trial court: (a) denied Towle the right to be present for individual juror voir dire conducted at the bench during jury selection in his state criminal case, and (b) on the second day of trial, denied Towle a transcript of that individual juror voir dire.[2]
>
> 17. Towle's Sixth and Fourteenth Amendment rights were violated when the trial court denied Towle an impartial jury in his state criminal case.

---

[1] The claims already pending in this action are numbered Claims 1-14. See Aug. 28, 2015 Order (Doc. No. 5), at 2-4. The new federal constitutional claims asserted in the motions to amend are renumbered above as Claims 15-24.

[2] In Claims 16-20, 23, and 24, Towle has asserted claims under the Fifth Amendment. Those claims assert violations of the Fourteenth Amendment, and the court construes Claims 16-20, 23, and 24 to assert only Sixth and Fourteenth Amendment claims.

18.  Towle's Sixth and Fourteenth Amendment rights were violated when he was denied the effective assistance of trial counsel, when counsel: (a) failed to question prospective jurors concerning their biases, (b) did not properly utilize peremptory and for-cause challenges to remove biased jurors from Towle's jury, and (c) did not properly raise, and preserve for appeal, issues concerning jury selection.

19.  Towle's Sixth and Fourteenth Amendment rights were violated when he was denied the effective assistance of trial counsel, when counsel failed to properly raise and preserve Towle's claim that his right not to be subject to double jeopardy was violated by his convictions and consecutive sentences on two pattern aggravated felonious sexual assault charges, each alleging that Towle committed more than one act of aggravated felonious sexual assault on the same victim, J.T., during the same time period.

20.  Towle's Sixth and Fourteenth Amendment rights were violated when, as to each of the two pattern aggravated felonious sexual assault charges against him, the trial court omitted an element of the offense from its jury instructions.

21.  Towle's Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court's jury instructions permitted the jury to find that Towle was guilty, without the jurors having unanimously agreed on the acts that satisfied a variant element of two pattern aggravated felonious sexual assault charges, where the pertinent variant was what differentiated the two charges.

22.  Towle's Fifth and Fourteenth Amendment rights were violated when the trial court's jury instructions allowed him to be convicted of three charges concerning fellatio, in violation of his right not to be twice placed in jeopardy for a single offense.[3]

23.  Towle's Sixth and Fourteenth Amendment rights were violated when he was denied the effective assistance of

---

[3] In Claim 22, Towle asserts a double jeopardy claim.  Such claims arise under the Fifth and Fourteenth Amendments, but not the Sixth Amendment.  Accordingly, the court construes Claim 22 to assert only Fifth and Fourteenth Amendment claims.

>    trial counsel, when counsel failed to properly raise and
>    preserve any claim related to Towle's challenges to the
>    trial court's jury instructions in his criminal case, the
>    substance of which are set forth above in Claims 20-22.
>
>    24.  Towle's Sixth and Fourteenth Amendment rights were
>    violated when he was denied the effective assistance of
>    appellate counsel, when counsel failed to properly raise,
>    on appeal, any claim related to Towle's challenges to the
>    trial court's jury instructions in his criminal case, the
>    substance of which are set forth above in Claims 20-22.

In the Order issued this date, the court has granted, in part, petitioner's motions to amend (Doc. Nos. 65, 67, 91), to the extent those motions request that the petition be amended to include Claims 15-24, and the court has directed respondents to file an answer or other response to Claims 15-24.

**II.   State Law Claims**

Towle's motions to amend the petition assert that the facts underlying Claims 15-24 violate his rights under state law.  The federal habeas statute, 28 U.S.C. § 2254, "'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citations omitted).  "'[F]ederal habeas corpus relief does not lie for errors of state law.'"  Id.  Accordingly, the district judge should deny Towle's motions to amend (Doc. Nos. 65, 67, 91) to the extent the claims therein assert violations of state law.

### III. Motion to Reconsider

In Towle's motion to amend docketed as Document No. 67 in this case, he asserts a claim that the "habeas court" erred in finding that the respondent's answer and motion to dismiss was timely filed. Towle does not specify whether he is referring to a decision of the court in this matter, or in the state habeas case, Towle v. Kench, No. 217-2015-cv-580 (N.H. Super. Ct., Merrimack Cty.). Regardless, neither a federal nor a state habeas court's ruling concerning the timeliness of an answer or motion to dismiss provides an independent basis for federal habeas relief. The district judge, therefore, should deny Document No. 67 to the extent it seeks to add a claim arising out of a ruling, of either this court or the state habeas court, on the timeliness of the answer or a motion to dismiss.

### Conclusion

For the foregoing reasons, the district judge should deny in part Towle's motions to amend (Doc. Nos. 65, 67, 91), as follows:

1. All three motions to amend should be denied to the extent they assert violations of state law; and

2. The motion to amend docketed as Document No. 67 should be denied to the extent it seeks to assert a claim

concerning a ruling, by this court and/or the state habeas court, that any filing in the pertinent habeas proceeding was untimely filed.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

January 16, 2018

cc:   Robert V. Towle, pro se
     Elizabeth C. Woodcock, Esq.
     Lynmarie C. Cusack, Esq.