UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Robert V. Towle

    v.                                                  Case No. 15-cv-117-SM

NH State Prison, Warden

O R D E R

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated February 1, 2018, for the reasons set forth therein.

Respondent's objection misses the mark and employs terms in ways that confuse rather than enlighten. A critical question here is whether the new claims have been procedurally defaulted, not whether they were "waived." Presumably, by "waived" Respondent means the claims would be held to have been waived by state courts in the context of state proceedings under applicable state law waiver doctrine – but it is not clear from this record that the state courts would not reach the merits of petitioner's claims.

Some additional comment is appropriate. While the proposed

1

amendments to the petition were allowed as a matter of discretion by the Magistrate Judge, it may well turn out that at least the newly asserted ineffective assistance of counsel claims (Numbered 18, 19, 23, and 22) are untimely under AEDPA, though not necessarily beyond timely consideration by the state courts. See e.g., Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007); N.H. Rev. Stat. Ann. Ch. 526:4 limits the time in which a state motion for new trial may be filed to three years from the date of sentencing (here, that period expired on or about March 11, 2016), but the state courts can and often do consider state habeas petitions filed beyond that limitations period.

The "relation back" standard applied to federal habeas petition amendments is of course not met merely by raising some type of ineffective assistance claim in an original timely petition "and then amending to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance" after the time for filing a petition has run. United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005). So, while an amendment to assert those claims was allowed, they might well be time barred under AEDPA. Similar issues may arise with respect to the other new claims allowed, but the briefing does not address the matter.

The allowed new claims are not exhausted, and review in this court is precluded until those federal claims have first been fairly presented to the state courts for resolution. The state courts may consider those claims on the merits or may not. Respondent has not shown that it is clear that the state courts would hold the new claims to be procedurally barred.

Respondent's Motion for Summary Judgment (doc. no. 72), Petitioner's Motion for Evidentiary Hearing (doc. no. 78) and Petitioner's Motion to Vacate Deadline for Objection to [72] Motion for Summary Judgment are denied, without prejudice, to refiling or amending them after the stay in this case has been lifted.

／s／ Steven J. McAuliffe
Steven J. McAuliffe
United States District Judge

Date: February 22, 2018

Cc: Robert V. Towle, pro se
    Elizabeth C. Woodcock, Esq.
    Lynmarie C. Cusack, Esq.