UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert V. Towle

    v.                    Civil No. 15-cv-117-SM

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Petitioner Robert V. Towle challenges the validity of his detention in this habeas corpus action, filed under 28 U.S.C. § 2254. Before the court at this time is Towle's motion (Doc. No. 122) seeking injunctive relief relating to his access to his legal materials which relate to this case.[1] Towle seeks an order directing the respondent to grant him a written exception to the New Hampshire Department of Corrections ("DOC") Policy and Procedure Directive ("PPD") 9.02(N) to prevent the destruction or denial of his access to his legal materials. Respondent objects. See Doc. No. 124.

**Preliminary Injunction Standard**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

---

[1] Towle's motion seeks a "restraining order." Because the respondent has received notice and the opportunity to be heard in opposition to Towle's motion, it is construed as a motion for a preliminary injunction under Fed. R. Civ. P. 65(a)(1).

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted); see also March v. Mills, 867 F.3d 46, 52-53 (1st Cir. 2017), cert. denied, 138 S. Ct. 1545 (2018).  The burden of proof is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

**Background**

In 2016, Towle, an inmate at the New Hampshire State Prison ("NHSP"), sought injunctive relief in this case to prevent the destruction of his legal materials he needed to litigate this case.  Towle then alleged that enforcement of New Hampshire Department of Corrections ("DOC") Policy and Procedure Directive ("PPD") 9.02(N) would result in the destruction or denial of access to those legal materials.  See Aug. 8, 2016 Pet'r's Mot. for Inj. (Doc. No. 31).  PPD 9.02(N) limits the volume of legal material inmates may possess while incarcerated at the DOC.  See Feb. 5, 2018 Maj. Fouts Mem. (Doc. No. 122-2).

After an evidentiary hearing on Towle's 2016 motion, the undersigned magistrate judge recommended that the district judge deny Towle's request for an injunction, finding that Towle had failed to meet his burden to demonstrate that he would suffer

2

irreparable harm in the absence of an injunction.  See Jan. 30, 2017 R&R (Doc. No. 56) ("January 30 R&R"), approved by Mar. 3, 2017 Order (Doc. No. 60).  The court based its recommendation on the testimony of then NHSP Warden Michael Zenk, as follows:

> Zenk, through his testimony and counsel, has stated unequivocally and under oath that Towle will continue to have access to the legal materials currently at the prison while this case is pending, and during any appeal of this case to the First Circuit and the United States Supreme Court.  Further, if Towle is successful in having his conviction reversed, and needs to prepare for a retrial in this matter, respondent has stated that Towle may request an exception to PPD 9.02(N) to maintain necessary legal materials in excess of two cubic feet, and that his materials would not be destroyed while such a request was pending.  In light of Zenk's testimony, the court has no reason to doubt that any request to maintain legal materials exceeding the limit in PPD 9.02(N) that Towle makes in the future would be considered by Zenk, who would make a reasonable determination of the request.  Any assertion that a reasonable request would not be granted, in light of the evidence before the court, is entirely speculative.

January 30 R&R, at 8.

Since the issuance of the January 30 R&R, Warden Zenk has resigned.  Before Warden Zenk left, Towle wrote an Inmate Request Slip ("IRS") to Warden Zenk asking what measures would be in place to protect Towle's legal materials and access to those materials after Warden Zenk's departure.  See Feb. 26, 2018 IRS (Doc. No. 122-1), at 1.  Warden Zenk responded: "The procedure that exists will remain in place unless the Attorney General's office informs the Warden's office that this

3

arrangement is no longer required to give you access to the court." Id. Towle grieved Warden Zenk's response to the DOC Commissioner. See Mar. 6, 2018 Grievance Form (Doc. No. 122-3), at 1. DOC employee Chris Kench denied the grievance on the Commissioner's behalf. See id.

Towle now asserts that the DOC has not "established standards to evaluate inmate requests for exemptions to PPD 9.02(N)," and that the Attorney General's office is not the appropriate party to determine whether his legal materials should be destroyed. Towle is concerned that without a specific written exception to PPD 9.02(N), DOC staff would be free to destroy his records with impunity in Warden Zenk's absence. Towle therefore seeks an order prohibiting the DOC from: 1) denying Towle reasonable access to his legal materials which exceed the volume of legal materials he is allowed under PPD 9.02(N), and/or 2) destroying any of his legal materials.

The respondent, in her objection to Towle's instant motion, argues that the injunctive relief requested is not appropriately granted in a habeas action. The respondent further states that Towle has not asserted: that he "has been thwarted in his access to his materials" or "told that he must reduce" the amount of legal materials he may maintain, or that he has otherwise been denied the exception to PPD 9.02(N) allowed by Warden Zenk.

4

**Discussion**

The respondent, in her objection to Towle's request for an injunction, argues that such relief is not available in a habeas action.[2]

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973).

A habeas petitioner's request that the court issue an injunction to prevent the destruction of, and allow access to, the petitioner's legal materials is appropriately brought in a § 1983 action.

> [Petitioner's] request that the Court compel Respondent to provide him his legal materials and

---

[2] The court notes that, for unknown reasons, the respondent did not challenge Towle's initial motion for injunctive relief on the basis that such a request was not properly made in a habeas action.

5

> allow him access to the prison law library—even if
> granted—would not necessarily imply a change to the
> duration or execution of his sentence.  The same is
> true regardless of whether the Court found that
> restricting [Petitioner's] access to legal materials
> or placing him in segregation constitutes unlawful
> retaliation against him.  Rather, these are
> conventional claims under 42 U.S.C. § 1983 because
> [Petitioner] is alleging violations of his
> constitutional rights by State actors during his
> incarceration [in state prison].

Smith v. Mulgrave, No. 2015-0078, 2016 U.S. Dist. LEXIS 10763, at *6-*7, 2016 WL 373953, at *3 (D.V.I. Jan. 29, 2016); see also Hernandez v. Long, No. CV 13-4060-JVS (MAN), 2013 U.S. Dist. LEXIS 85085, at *4, 2013 WL 3053140, at *2 (C.D. Cal. June 10, 2013) (habeas petitioner's request for injunctive relief requiring prison officials to replace lost or destroyed legal documents "is not available through a habeas action," and must be raised in a civil rights action); Johnson v. Washington, No. C05-1283P, 2005 U.S. Dist. LEXIS 34403, at *4-*5, 2005 WL 3242143, at *2 (W.D. Wash. Nov. 30, 2005) (request for an injunction to prevent destruction of a prisoner's legal materials "must be brought in an action under § 1983, rather than a habeas proceeding").

The injunctive relief Towle seeks in his motion for injunctive relief is not properly considered in this habeas action, but may be asserted in a civil rights action brought pursuant to § 1983.  Accordingly, the district judge should deny Towle's motion for preliminary injunctive relief (Doc. No. 122)

without prejudice to Towle's ability to assert those claims and/or requests in a pending or future civil rights action.

## Conclusion

For the foregoing reasons, the district judge should deny Towle's motion (Doc. No. 122) for a preliminary injunction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone* (signature)
Andrea K. Johnstone
United States Magistrate Judge

November 19, 2018

cc:  Robert V. Towle, pro se
     Lynmarie C. Cusack, Esq.
     Elizabeth C. Woodcock, Esq.