UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Towle

    v.

Warden, New Hampshire State
Prison for Men

Case No. 15-cv-117-SM
Opinion No. 2019 DNH 172

**O R D E R**

Petitioner Robert Towle (hereinafter "Towle" or "Petitioner") has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his present incarceration violates his constitutional rights. See § 2254 Pet. (Doc. No. 1), as amended by Doc. Nos. 9-1, 65, 67, 91, 123. Respondent, the Warden of New Hampshire State Prison for Men (hereinafter "Respondent" or "the Warden") has filed a Motion to Dismiss Claims 5-27 of the amended petition as untimely. (Doc. No. 135). Petitioner objects. (Doc. No. 151).

**Procedural Background**

Petitioner is a prisoner of the State of New Hampshire, who, after a jury trial in Coos Superior Court, was convicted on January 29, 2013, of four counts of aggravated felonious sexual assault for engaging in fellatio and anal penetration with his minor son ("J.T."), and four counts of criminal liability for the conduct of another for encouraging his wife and another adult to engage in sexual acts with J.T. See Am. § 2254 Pet.

1

(Doc. No. 1) at 1; State v. Towle, 111 A.3d 679, 681 (N.H. 2015) (citations omitted).[1] The court sentenced Petitioner on March 11, 2013 to serve 57 - 114 years in prison, and ordered that he have no contact with the victim, the reporting witness, and his other minor son. See Towle, 111 A.3d at 681.

Prior to trial, Petitioner waived his right to counsel and indicated he wished to represent himself. The trial court held a two-hour hearing on May 1, 2012, pursuant to Faretta v. California, 422 U.S. 806, 835 (1975), to determine whether Petitioner's waiver of his right to counsel was "knowing and voluntary." See Faretta Colloquy Tr. (Doc. No. 19).[2] The court concluded Petitioner's waiver was knowing and voluntary, and it approved a hybrid representation plan proposed by Petitioner and his attorney. Under that plan, Petitioner represented himself "from the moment the jury [was] sworn until the moment the jury retire[d] to begin deliberations, during which period Attorney

---

[1]This was Petitioner's second trial on these offenses. See State v. Towle, 35 A.3d 490 (N.H. 2011). Petitioner's judgment in his first trial was reversed on direct appeal. See id. The New Hampshire Supreme Court held that automatic reversal was required by the trial court's failure to inquire further when Towle made a "timely, unequivocal and clear request to represent himself" at trial, and the trial proceeded with Towle represented by counsel. Id. at 494.

[2]Respondent filed this and other relevant transcripts as part of an addendum (Doc. No. 19) to its June 26, 2018 Motion to Dismiss (Doc. No. 18). The addendum documents are maintained conventionally in the New Hampshire District Court Clerk's office.

2

[Joseph] Fricano [was] appointed and act[ed] as standby counsel." Faretta Colloquy Tr. (Doc. No. 19), at 65; see also id. at 7-8, 12, 13, 55. Prior to the jury being sworn in and after the jury retired to deliberate, Petitioner was represented by Attorney Fricano. See id.

The New Hampshire Supreme Court ("NHSC") affirmed Petitioner's convictions on direct appeal but reversed the no-contact order imposed at sentencing. See Towle, 111 A.3d at 682. Petitioner's sentence remains otherwise intact. Id. at 690.

On April 2, 2015, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, and thus began a more than four-year exercise of the limits of federal civil procedure. On August 28, 2015, the Court issued a preliminary review order (Doc. No. 5), identifying 14 proposed grounds for relief in the petition and directing Petitioner to either: 1) file a motion to amend his petition asserting the federal nature of each of the proposed grounds for relief and demonstrating that each of those federal claims has been exhausted in the state courts; or 2) file a motion to stay this civil action to allow him to exhaust his state court remedies on his federal claims.

Thereafter, Petitioner filed a motion to amend (Doc. No. 9) his habeas Petition. The Court entered an Order (Doc. No. 13)

granting the motion; finding that Petitioner had exhausted the federal grounds for Claims 1-14; and directing Respondent to file an answer, motion, or other response to the petition as amended. The Warden filed an answer (Doc. No. 15) and a motion to dismiss (Doc. No. 18), which the Court denied. See Order (Doc. No. 57) (approving Report and Recommendation ("R&R") (Doc. No. 50)).

On October 13, 2016, the Court entered an Order (Doc. No. 43) giving Petitioner a deadline of November 26, 2016, to file either a motion to amend the petition to add any new claims he believed were meritorious or a notice stating that he did not intend to add any new claims to the petition. Instead of complying with the Court's instructions, Petitioner filed two requests (Doc. Nos. 64, 66) in the First Circuit Court of Appeals for authorization to file a second or successive habeas petition in the district court. On March 17, 2017, the First Circuit denied Petitioner's requests as unnecessary and remanded the petitions to this Court with instructions to treat them as motions to amend his still pending § 2254 Petition. See Mar. 17, 2017 J., Towle v. Zenk, No. 16-2175 (1st Cir. Mar. 17, 2017); Mar. 17, 2017 J., Towle v. Zenk, No. 16-2224 (1st Cir. Mar. 17, 2017) (Doc. No. 66); Pet'r's Mots. to Amend (Doc. Nos. 65, 67).

Thereafter, the Warden filed a motion for summary judgment (Doc. No. 72) and Petitioner filed a motion to stay this action (Doc. No. 85), to allow him to exhaust state court remedies for the federal claims raised in his motions to amend. The Court granted Petitioner's motion to stay, see Doc. No. 88, and took under advisement Petitioner's motions to amend the § 2254 petition and Respondent's motion for summary judgment. See June 21, 2017 Order.

Subsequently, Petitioner filed a motion to lift the stay (Doc. No. 90), and his fourth motion to amend (Doc. No. 91) the § 2254 Petition. The Court lifted the stay and entered an Order identifying ten new federal claims (numbered 15-24) raised in Petitioner's second, third, and fourth motions to amend. See Order (Doc. No. 117) (approving R&R (Doc. No. 100)). The Court granted the motions to amend, to the extent they alleged violations of Petitioner's rights under federal constitutional law. See id.

On February 1, 2018, the Court entered an Order (Doc. No. 107) staying proceedings in this civil action pending Petitioner's exhaustion of ineffective assistance of trial counsel claims in the state courts. The Court also entered an order denying Respondent's motion for summary judgment (Doc. No. 72), without ruling on the merits, and without prejudice to Respondent's ability to refile or amend it after the stay was

lifted.  See Order (Doc. No. 119) (approving R&R (Doc. No. 108)).

On May 31, 2018, Petitioner filed a motion to lift stay (Doc. No. 123), which the Court construed, in part, as a motion to amend the § 2254 Petition to add three ineffective assistance of trial counsel claims (numbered 25-27), see Doc. No. 127. Respondent filed an answer (Doc. No. 128) to Claims 25-27, an addendum (Doc. No. 129) to the answer, a motion for summary judgment as to Claims 15-27 (Doc. No. 133), a motion to dismiss Claims 15-27 as time-barred (Doc. No. 135), and a motion for summary judgment as to Claims 1-14 (Doc. No. 139).  Petitioner has objected to the motion to dismiss, see Doc. No. 151, and the motions for summary judgment, see Doc. Nos 151, 158.  Before the Court is the Warden's Motion to Dismiss Claims 15-27.

## **Discussion**

The Warden contends that Claims 15-27 are barred by the statute of limitations, and do not relate back to the original habeas petition under Federal Rule of Civil Procedure 15(c). The Federal Rules of Civil Procedure apply to § 2254 habeas proceedings provided they are not inconsistent with statutory provisions or the rules that apply to habeas proceedings.  See Rule 12, Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254.  The one-year period generally starts when a prisoner's conviction becomes final, at the conclusion of a direct appeal or the expiration of time for seeking a direct appeal.  See § 2244(d)(1)(A).  The statute of limitations is tolled, however, during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

The NHSC issued its opinion affirming Petitioner's 2013 convictions on January 29, 2015.  See Towle, 111 A.3d at 682. Petitioner's judgment became final 90 days later, on or about April 29, 2015, when the time expired for Petitioner to seek review of the NHSC's opinion in the United States Supreme Court. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that "judgment becomes final" for AEDPA purposes "when the time for pursuing direct review in [the Supreme] Court ... expires"); Blue v. Medeiros, 913 F.3d 1, 3-4 (1st Cir. 2019).

Petitioner timely filed his original § 2254 petition, raising Claims 1-14, on April 2, 2015, the date he placed it in the prison mail system.  See Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999) ("We hold that a pro se

7

prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court"). The statute of limitations does not toll while a § 2254 petition is pending in the federal courts. See Duncan v. Walker, 533 U.S. 167, 172 (2001). Consequently, the one-year statute of limitations for Petitioner's amendments to his § 2254 Petition began to run on or about April 29, 2015, when his judgment of conviction became final.

The limitations period ran unabated for 128 days, until September 4, 2015, the date Petitioner filed for post-conviction relief in the Coos County Superior Court ("CCSC"). See Def.'s Mot. to Vacate II, State v. Towle, No. 08-CR-289, et al. (N.H. Super. Ct., Coos Cty. Sept. 4, 2015) (Doc. No. 9-1) ("MTV II").[3] The CCSC denied MTV II, and on December 7, 2015, the NHSC declined Petitioner's discretionary appeal in that action. See Order, State v. Towle, No. 2015-0612 (N.H. Dec. 7, 2015) (Doc. No. 9-4).

While MTV II was pending in the state courts, Petitioner filed a petition for writ of habeas corpus in the Merrimack County Superior Court ("MCSC"), raising other claims related to

---

[3] Petitioner filed his first motion to vacate ("MTV I") in the Superior Court while his direct appeal was pending in the NHSC. See Add. To Answer, State v. Towle, 214-2008-CR-00289 (N.H. Super. Ct., Coos Cnty. Dec. 26, 2013) (Doc. No. 129).

8

his 2013 Coos Superior Court judgment. See Pet., Towle v. Warden, N.H. State Prison, No. 217-2015-CV-00580 (N.H. Super. Ct., Merrimack Cnty. Oct. 15, 2015). On February 12, 2016, that court held an evidentiary hearing on the petition, and on April 14, 2016, the MCSC denied Towle's petition. See Not. of Discret. Appeal, Towle, Case No. 217-2015-CV-00580 (Doc. No. 129[4]). On September 14, 2016, the NHSC declined Petitioner's discretionary appeal in that action. See Order (Doc. No. 67), at 23.

Because Petitioner's MTV II and state habeas corpus action overlapped, the statute of limitations tolled from September 4, 2015, until September 14, 2016, while one or both those actions were pending in the state courts.[5] See § 2244(d)(2); Drew v. MacEachern, 620 F.3d 16, 20 (1st Cir. 2010); Currie v. Matesanz, 281 F.3d 261, 267-68 (1st Cir. 2002) ("[A]n application for post-conviction relief is pending from the time it first is

---

[4]Doc. No. 129 is an addendum to Respondent's September 27, 2018 Answer (Doc. No. 128). The documents comprising the addendum are maintained conventionally by the New Hampshire District Court Clerk of Court.

[5]On April 27, 2016, prior to filing his notice of discretionary appeal of the MCSC's order denying his state habeas petition, Petitioner filed another motion to vacate ("MTV III") in the CCSC, challenging his 2013 judgment. See State v. Towle, No. 214-2009-CR-00096 (N.H. Super. Ct., Coos Cnty. Apr. 27, 2016) (Doc. No. 129). The trial court denied Petitioner's MTV III on April 28, 2016, and on June 13, 2016, the NHSC declined Petitioner's discretionary appeal of the trial court's order. See id.

9

filed with the state trial court, until" the time appellate review is no longer available under the state's procedures.). The statute of limitations then resumed and ran for another 218 days until it paused again on April 20, 2017, when Petitioner filed another motion to vacate ("MTV IV") (Doc. No. 91-1) in the CCSC challenging his 2013 criminal judgment.

Petitioner's MTV IV was followed four days later by another motion to vacate (Doc. No. 91-6) ("MTV V") (Doc. No. 91-6), and a supplement to MTV-V (Doc. No. 91-7). The CCSC denied MTV IV and MTV V on May 1, 2017, see Doc. Nos. 91-3, 91-9, and the NHSC declined Petitioner's appeals on June 22, 2017, see Doc. Nos. 91-5, 91-11. Consequently, the statute of limitations was tolled from April 20, 2017 until June 22, 2017. See § 2244(d)(2). It resumed and ran for another 19 days until it fully expired on or about July 11, 2017.

Petitioner filed his first amended § 2254 petition ("AP I") (Doc. No. 9-1) in this Court on December 8, 2015. He filed his second and third amended petitions ("AP II" and "AP III") (Doc. Nos. 65, 67), raising Claims 15-24, on May 17, 2017. Finally, he filed his fourth amended petition ("AP IV") (Doc. No. 91), on July 10, 2017. Thus, unless one or more of Petitioner's state motions for post-conviction relief were not properly filed, Claims 15-24 are timely, as they were filed prior to expiration of the statute of limitations. See §§ 2244(d)(1)(A), (d)(2).

Respondent does not contend that one or more of Petitioner's state post-conviction actions was improperly filed.[6] Therefore, the Motion to Dismiss shall be denied with respect to Claims 15-24.

On May 31, 2018, Petitioner filed a motion to lift stay, which this Court construed, in part, as a motion to amend to add Claims 25-27 to the pending habeas petition. See June 26, 2018 Order (Doc. No. 127), at 3. Those claims that allege trial counsel was ineffective for failing to preserve the federal nature of "Claims 1, 3, and [6][7]" of the original § 2254 petition. See id.

---

[6]Respondent's motion does not calculate any period during which the statute of limitations was tolled for any of Petitioner's state post-conviction actions except MTV II. In fact, in the Motion to Dismiss, Respondent does not acknowledge that Petitioner filed any other state post-conviction actions. This is only one of the errors Respondent has made in calculating the statute of limitations. Others include starting the limitations period 90 days early by leaving out the period of time Petitioner had to file a certiorari petition in the United States Supreme Court, cf. Gonzalez, 565 U.S. at 150, and using the date the § 2254 Petition was received by the Court instead of the date Petitioner put it in the prison mail as the date on which the § 2254 Petition was filed, cf. Morales-Rivera, 184 F.3d at 109.

[7]Petitioner mis-numbered Claim 6 of his original § 2254 Petition as "Habeas Claim #7" in his state court filing. Compare § 2254 Pet. (Doc. No. 1), at 18, with Mot. to Exhaust 6th Am. Claims (Doc. No. 123-1), at 6-7. As a result, in a previous order, this Court mistakenly identified Claim 7, instead of Claim 6, as one of the three claims related to habeas Claims 25-27. See June 26, 2018 Order (Doc. No. 127), at 3.

11

Petitioner filed Claims 25-27 in this Court almost a year after the statute of limitations expired. Moreover, he filed and exhausted these ineffective assistance of counsel claims in the state courts after the federal statute of limitations expired. See Pet'r's Exs. (Doc. Nos. 123-1 thru 123-4). State post-conviction proceedings filed after the expiration of the statute of limitations has expired do not reset the limitations clock. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007), abrogated on other grounds, Holland v. Florida, 560 U.S. 631, 649 (2010). Accordingly, Claims 25-27 were not timely filed.

Nevertheless, in the interests of judicial economy and moving this case forward, the Court will assume arguendo that these claims relate back to the original § 2254 Petition and are timely under the relation-back doctrine. See Fed. R. Civ. P. 15(c) (providing that an otherwise untimely amendment relates back to the date of the timely-filed original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). For the reasons that follow, however, Claims 25 and 27 fail as a matter of law and shall be dismissed. Claim 26 is more appropriately reviewed on summary judgment, and Respondent's motion to dismiss with respect to that claim shall be denied.

Liberally construed, Petitioner alleges in Claims 25-27 that counsel was ineffective for failing to preserve federal constitutional issues so that they could be raised on appeal. See Doc. No. 123-1, at 6-7. To preserve an issue for appellate review, the party must raise it in the trial court in the first instance. See State v. Munoz, 949 A.2d 155, 161 (N.H. 2008) ("[W]e will not entertain objections that were not raised during the proceedings below because they are not preserved for our review." (citing State v. Wong, 635 A.2d 470 (N.H. 1993))). Accordingly, the Court liberally construes Claims 25-27 as alleging that trial counsel rendered ineffective assistance by failing to raise certain objections based on federal constitutional grounds, thereby failing to preserve those grounds for appeal.

Claim 25 relates back to Claim 1 of the original § 2254 petition. Towle alleges in Claim 1 that the prosecutor attempted to refresh J.T.'s recollection about whether Towle engaged in fellatio with J.T. on a specific occasion; Towle objected on the ground that J.T. had not testified to any lack of recollection; the trial court overruled the objection, and the prosecutor was allowed to refresh J.T.'s recollection. See § 2254 Pet. (Doc. No. 1), at 7-8. On the following day of trial, standby counsel addressed the trial court, stating he wanted to ensure Towle's previously raised objection was

preserved for appeal; standby counsel stated Towle had made a specific objection to the "improper use of the doctrine of refreshing recollection." See Mot. to Exhaust 6th Am. Claims (Doc. No. 123-1), at 6-7 (citing Trial Tr. p. 444); id. at 14. In Claim 25, Petitioner claims standby counsel was ineffective for failing to argue a federal basis for Petitioner's objection. See id.

Claim 27 relates back to Claim 6 of the original § 2254 petition. In Claim 6, Towle alleges the trial court erred when it allowed the introduction of a photograph of J.T. that had no evidentiary value and that was introduced solely to inflame the passions of the jury. See § 2254 Pet. (Doc. No. 1), at 18. Petitioner adds in Claim 27 that he objected to admission of the photograph under New Hampshire Rule of Evidence 403, but standby counsel did not tell him to object on federal constitutional grounds. See Mot. to Exhaust 6th Am. Claims (Doc. No. 123-1) at 7. He claims standby counsel was ineffective on that basis. See id.

There is no Sixth Amendment right to the effective assistance of counsel when a defendant has knowingly, intelligently, and voluntarily waived his right to counsel and has elected to represent himself at trial. See Faretta, 422 U.S. at 834, n.46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own

defense amounted to a denial of 'effective assistance of counsel.'").  Furthermore, while a trial court may, in its discretion, appoint standby counsel to assist a pro se defendant, see McKaskle v. Wiggins, 465 U.S. 168, 170, 184 (1984), there is no constitutional right to stand-by counsel, see United States v. Bova, 350 F.3d 224, 226 (1st Cir. 2003) ("[W]e think it well to lay to rest any suggestion that Bova had a right to represent himself and to enjoy the benefit of standby appointed counsel." (citing McKaskle, 465 U.S. at 183)); accord Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006) (concluding that "there is no right to standby counsel"). Absent a constitutional right to standby counsel, there can be no constitutional right to effective assistance of standby counsel.  See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998)("without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel."); accord United States v. Windsor, 981 F.2d 943, 947 (7th Cir. 1992) ("This court knows of no constitutional right to effective assistance of standby counsel."); Thomas v. Warden, N.H. State Prison, Civil No. 1:07-cv-385-JL, 2012 U.S. Dist. LEXIS 38125, at *36, 2012 WL 959382, at *12 (D.N.H. Mar. 21, 2012) ("since . . . Thomas validly decided to proceed pro se, he had no right to the 'effective assistance' of standby counsel").

Petitioner does not dispute that he waived his right to counsel and elected to represent himself at trial knowingly, intelligently, and voluntarily. He raises no claims related to the adequacy of the Faretta hearing. And, he does not allege the incidents described in Claims 25 and 27 occurred during the periods he was represented by counsel under the hybrid-representation plan approved by the trial court. Because Petitioner knowingly, intelligently, and voluntarily waived his right to counsel and because he has no constitutional right to the effective assistance of standby counsel, Claims 25 and 27 fail as a matter of law and must be dismissed. See Faretta, 422 U.S. at 834 n. 46.

## Conclusion

For the foregoing reasons, the court grants in part and denies in part the Respondent's motion to dismiss (Doc. No. 135). The motion is granted as to Claims 25 and 27, and is otherwise denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 30, 2019

cc: Robert V. Towle, pro se
    Elizabeth C. Woodcock, Esq.