**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Robert Towle

      v.                                                                    Case No. 15-cv-117-SM-AJ

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

In this action for a writ of habeas corpus, self-represented Petitioner Robert

Towle seeks relief from his present incarceration under 28 U.S.C. § 2254.  Pending

before the court are Mr. Towle's motions (Doc. Nos. 218, 221)[1] to amend his Petition, to

add claims alleging that the New Hampshire Department of Corrections ("DOC") has

improperly designated him as a Sexually Violent Predator ("SVP").  The respondent

objects.  See Doc. Nos. 219, 223.  The motions are referred to the undersigned

magistrate judge for consideration and a Report and Recommendation ("R&R") as to

disposition.

---

[1] Before the instant motions were before this court, Mr. Towle initially filed a
"Second Petition for Writ of Habeas Corpus" (Doc. No. 218, at 21) in the First Circuit
Court of Appeals as an application to file a second or successive 28 U.S.C. § 2245
petition in this court asserting the claims he now seeks to add to this action.  The First
Circuit, finding that this case was still pending, transferred Mr. Towle's filing to this court
for docketing in this proceeding, leaving it to the district court "to determine in the first
instance the most appropriate construction of the application, including whether the
application should be construed as a motion to amend the 'still pending' first § 2254
petition."  Towle v. Edmark, No. 25-1518 (1st Cir. July 15, 2025).  This court docketed
the transferred application (Doc. No. 218), including the "Second Petition for Writ of
Habeas Corpus," id. at 21, as a motion to amend Mr. Towle's § 2254 Petition and
considers that document and Mr. Towle's motion to amend (Doc. No. 221) together, as
they seek to amend the petition in this case to add the same claims on the same basis.

**Background**

I.    Mr. Towle's Claims Challenging His State Court Conviction

Mr. Towle is serving a 57-114-year prison sentence for his New Hampshire state court convictions for aggravated felonious sexual assault ("AFSA") and related offenses. See State v. Towle, No. 214-2008-CR-00289; 214-2009-CR-00096, -00097, -00099, -00104, -00105, -00106, -00107 (N.H. Super. Ct., Coos Cty.) ("Criminal Case"). This court recognized twenty-seven claims Mr. Towle asserted in his § 2254 Petition challenging his state court convictions. See Aug. 28, 2015 Order (Doc. No. 5, at 2-4) (listing Claims 1-14); Jan. 16, 2018 R&R (Doc. No. 100) (listing Claims 15-24) (approved by Feb. 15, 2018 Order (Doc. No. 117)); June 28, 2018 Order (Doc. No. 127) (listing Claims 25-27). The court dismissed twenty-two of those claims. See Sept. 30, 2019 Order (Doc. No. 171) (dismissing Claims 25 and 27); Sept. 30, 2019 Order (Doc. No. 172) (granting summary judgment for the respondent as to Claims 1-19 and 26). The magistrate judge issued an R&R (Doc. No. 224) in September 2025 recommending that the district judge dismiss the last five of those claims, Claims 20-24. That R&R remains pending.

Mr. Towle is incarcerated pursuant to the sentences imposed in the Criminal Case. According to his filings, in May 2018, while serving his sentences, Mr. Towle discovered that one or more of his records at the DOC indicated that he was a "sexually violent predator" ("SVP"). Upon inquiry, Mr. Towle was informed by a case counselor and by the DOC Classifications Department that his AFSA conviction qualified him to be an SVP. In June 2018, in response to Mr. Towle's grievance, DOC Commissioner Chris

2

Kench told him: "Mr. Towle, your crime meets the requirements for SVP.  Our system will trigger an evaluation as you near your max date."

In May 2021, Mr. Towle again sought clarification of the DOC records identifying him as an SVP.  The Classifications Department responded to Mr. Towle's Inmate Request Slip ("IRS"), stating that his AFSA conviction qualified him to be deemed an SVP under N.H. Rev. Stat. Ann. § ("RSA") 135-E.  Abbey Simon, the director of the DOC Sexual Offender Treatment ("SOT") program, responded to another of Mr. Towle's IRSs, stating that "SVP is reviewed when you are near your max date.  You would qualify based on your AFSA offenses.  County Attorney can pursue this if you do not participate in recommended treatment from SOT assessment."  Doc. No. 218, at 34.

Mr. Towle subsequently filed a civil action for declaratory and injunctive relief in state court, asserting that the DOC had improperly classified him as an SVP.  See Towle v. Comm'r, N.H. Dep't of Corr., No. 217-2021-CV-00552 (N.H. Super. Ct., Merrimack Cty.).  The Superior Court granted summary judgment in favor of the DOC Commissioner.  Mr. Towle appealed that decision to the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed the Superior Court's ruling, stating:

> The plaintiff argues that the trial court erred by granting summary judgment because it failed to address his claims relative to his assertion that NHDOC had improperly classified him as a "sexually violent predator." See RSA 135-E:2, XII (2021) (defining "sexually violent predator"). However, the record reflects, and NHDOC unequivocally acknowledges, that the plaintiff has not been adjudicated or classified as a "sexually violent predator."  Accordingly, based upon our review, we agree with NHDOC that the plaintiff has failed to demonstrate reversible error, and therefore affirm the trial court's decision.

Towle v. Comm'r, N.H. Dep't of Corr., Case No. 2023-0125 (N.H. Jan. 10, 2024); Doc. No. 218, at 42.

On April 1, 2024, Mr. Towle filed a petition for a writ of habeas corpus in Superior Court, asserting the claims he seeks to add to this action. See Towle v. Edmark, No. 217-2024-cv-00570 (N.H. Super. Ct., Merrimack Cty.); Doc. No. 218, at 60. On October 7, 2024, the Superior Court granted the respondent's motion to dismiss that petition on the basis that the claims therein had already been litigated in Mr. Towle's 2021 state court civil action and subsequent appeal. See id.; Doc. No. 218, at 73. Mr. Towle appealed that decision to the NHSC, which declined the appeal. See Towle v. Edmark, Case No. 2024-0593 (N.H. Nov. 22, 2024); Doc. No. 218, at 59.[2]

## Discussion

Mr. Towle now seeks to amend his § 2254 Petition in this matter to add the four claims upon which he sought relief in his 2021 and 2021 state court actions, alleging that the DOC has improperly deemed him to be a "sexually violent predator" ("SVP") based on one or more of his AFSA convictions, as follows:

A.      Petitioner was not "fully and plainly, substantially and formally" informed of the nature and cause of the sexually violent predator offenses in which he was convicted, contrary to the Sixth Amendment of the US Constitution and Pt. 1, Art. 15 of the NH Constitution.

B.      The jury did not decide the elements of the sexually violent predator offenses in which the jury convicted the petitioner of, contrary to the Fifth and Sixth Amendments of the US Constitution and Pt. 1, Art. 15 of the NH Constitution.

---

[2] As described herein, Mr. Towle litigated the claims he seeks to add to this action in the state court prior to bringing this action, and the state courts denied him relief. To the extent Mr. Towle seeks to argue here that those denials constitute a state court judgment on the SVP issues, he is incorrect. The state court's denial of Mr. Towle's SVP-related claims do not constitute a state court judgment pursuant to which he is presently confined. Accordingly, they cannot form a basis for § 2254 claims, or for amending this § 2254 case to include those claims.

C.       The petitioner convicted of a sexually violent predator offense became unduly subjected to the reputational stigma as a sexually violent predator, while denied the due process to challenge that stigma, constituting a cruel punishment, as applied, contrary to the Eighth and Fourteenth Amendments of the US Constitution and Pt. 1, Art. 33 of the NH Constitution.

D.       The petitioner became subjected to an unusual punishment, as applied, because the state determined him a sexually violent predator upon conviction of a sexually violent offense, without affording him notice and opportunity to challenge that determination contrary to the Eight and Fourteenth Amendments of the US Constitution and Pt. 1, Art. 33 of the NH Constitution.

Doc. No. 221, at 2.

## Discussion

### I.    Legal Standard

As a general matter, habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure generally apply to habeas proceedings unless a contrary rule is specified in a federal statute or the rules governing proceedings under § 2254 or § 2255).  Rule 15, "[t]he Civil Rule governing pleading amendments, . . . allows pleading amendments with 'leave of court' at any time during a proceeding."  Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)(2)).  Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

"Reasons for denying leave include . . . futility of amendment."  Wolusky v. N. N.H. Corr. Facility Warden, No. 22-cv-345-SE-AJ, 2023 U.S. Dist. LEXIS 192426, at *3, 2023 WL 7024360, at *1 (D.N.H. Sept. 27, 2023) (quoting United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009)), R&R approved, 2023 U.S. Dist.

LEXIS 191247, 2023 WL 7017714 (D.N.H. Oct. 25, 2023).  In assessing futility here, this court applies the same "§ 2254 Rule 4 standard" it applied in screening the original petition in this case. See Aug. 28, 2015 Order; Doc. No. 5, at 1-2.

II.       Sexually Violent Predator Statute

       Since 2010, New Hampshire law has provided a mechanism for the state to attempt to civilly commit and confine a person it believes to be a "sexually violent predator," who is about to be released from "total confinement," under RSA 135-E.  That statute states, in pertinent part:

> I.       The commissioner of the department of health and human services, or designee, shall establish a multidisciplinary team or teams, each of which shall include, but is not limited to, 2 licensed psychiatrists or psychologists or one licensed psychiatrist and one licensed psychologist each of whom has specialized training or experience in the area of treatment and diagnosis of sex offenders.  The attorney general shall serve as legal counsel to the multidisciplinary team.  The purpose of the team shall be to evaluate whether persons convicted of a sexually violent offense who are eligible for release from total confinement meet the definition of a sexually violent predator.

> II.       When a person who has committed a sexually violent offense is to be released from total confinement in New Hampshire, the agency with jurisdiction over the person shall give written notice to the person and the county attorney of the county where that person was last convicted of a sexually violent offense, or attorney general if the case was prosecuted by the attorney general.  . . . . Except as provided in RSA 135-E:4, the written notice shall be given at least 9 months prior to the potential release . . ..

> III.       Within 45 days of receipt of such notice, if there is an articulable basis to believe that the person is likely to engage in acts of sexual violence, either the county attorney, attorney general, or the agency with jurisdiction may request that the multidisciplinary team assess and evaluate the person to determine whether the person is a sexually violent predator.  If the county attorney, attorney general, or the agency with

6

jurisdiction over the person to be assessed requests an assessment by the multidisciplinary team, the court shall appoint legal counsel to represent the person before any interview or personal examination of the person is conducted by the multidisciplinary team.  The person to be assessed shall bear the cost of legal services associated with any proceedings under this section. If the person to be assessed is unable to pay for counsel, the court shall appoint counsel pursuant to RSA 604-A:2.

RSA 135-E:3, I-III.  That statute further provides:

I.      In the event that a person who has been convicted of a sexually violent offense is eligible for immediate release upon completion of the maximum term of incarceration, the agency with jurisdiction shall provide immediate notice to the county attorney or attorney general of the person's release. The county attorney or attorney general or the agency with jurisdiction may file a petition for an emergency hearing in the superior court requesting that the person subject to immediate release be evaluated by the multidisciplinary team to determine whether the person is a sexually violent predator. The hearing shall be held within 24 hours of the filing of the petition, excluding Saturdays, Sundays, and holidays. The person shall not be released from total confinement until after the hearing has been held. At the hearing, the court shall determine whether there is probable cause to believe that the person is a sexually violent predator. If the court finds probable cause, the person shall be held in an appropriate secure facility.

II.     Within 72 hours after finding probable cause, excluding Saturdays, Sundays, and holidays, the multidisciplinary team shall assess whether the person meets the definition of a sexually violent predator. If the multidisciplinary team determines that the person does not meet the definition of a sexually violent predator, the department of health and human services shall provide notice to the county attorney or attorney general and that person shall be immediately released. If the multidisciplinary team determines that the person meets the definition of a sexually violent predator, the team shall provide the county attorney or attorney general with its written assessment and recommendation within the 72-hour period or, if the 72-hour period ends on a weekend or holiday, within the next business day thereafter.

7

III.     Within 48 hours after receipt of the written assessment and recommendation from the multidisciplinary team, excluding Saturdays, Sundays, and holidays, the county attorney or attorney general may file a petition with the superior court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation. If a petition is not filed within the prescribed time period by the county attorney or attorney general, the person shall be immediately released. If a petition is filed pursuant to this section, the person shall be held in an appropriate secure facility for further proceedings in accordance with this chapter.

IV.     A person shall be released if the multidisciplinary team or the county attorney or attorney general do not comply with the time limitations in this section. Failure to comply with the time limitations, which results in the release of a person who has been convicted of a sexually violent offense, is not dispositive of the case and does not prevent the county attorney or attorney general from filing a petition against a person otherwise subject to the provisions of this chapter. Notwithstanding RSA 135-E:24, II, the court shall not consider any petition filed more than 6 months after the person's release from incarceration unless the timing of the petition is due to newly discovered material facts, which shall be alleged in the petition.

RSA 135-E:4.

RSA 135-E:2 defines "sexually violent predator" as "any person who has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."  RSA 135-E:2, XII.  The "[s]exually violent offense[s]" set forth in the statute include the AFSA offense, RSA 632-A:2, of which Mr. Towle was convicted.  RSA 135-E:2, XI(c).  And,

"[t]otal confinement" means that the person is being held in any physically secure facility being operated by or contractually operated for the department of corrections. A person shall also be deemed to be in total confinement for applicability of provisions under this chapter if the person is serving an incarcerative sentence under the custody of the department of corrections. A person is not subject to total confinement if the person is

8

subject to an incarcerative sentence or other custody in a secure facility but has contact with the community, such as through work release, a halfway house, or other supervised or unsupervised release into the community.

RSA 135-E:2, XIII.

III.     Mr. Towle's Status

As the plain language of the SVP statute makes apparent, and as explained to Mr. Towle by both the DOC Commissioner, the Superior Court, and the NHSC, to be an SVP, Mr. Towle would have to be nearing his maximum release date from his 114-year maximum sentence, and provided with the process described in RSA 135-E, after which the Superior Court could designate Mr. Towle as an SVP.  If he was so designated by the Superior Court, and civilly committed and confined pursuant to that determination, Mr. Towle would be able, at that time, to challenge that designation and confinement in a § 2254 petition in this court.  See Vega v. Massachusetts, Civil Action No. 16-12237-PBS, 2016 U.S. Dist. LEXIS 161848, at *8, 2016 WL 697778, at *3 (D. Mass. Nov. 22, 2016) (§ 2254 habeas petition available to state civil committee who seeks relief from a state judgment of incarceration).

Mr. Towle is presently incarcerated pursuant to his criminal sentence, and he has challenged the constitutionality of his custody in this § 2254 action.  Mr. Towle, however, is not in custody pursuant to a state court judgment that he is an SVP, or because the DOC has designated him to be an SVP, or deemed him to be eligible to become an SVP.  Mr. Towle thus fails to meet the custody requirement in § 2254(a) with regard to the claims he sees to add to his § 2254 Petition.  Accordingly, to the extent he seeks to challenge a perceived SVP designation, he cannot do it in this case, and the

district judge should deny his motions to amend as futile, without prejudice to his ability to assert such a claim in the future if he is determined to be an SVP by a state court.

IV.    Claims Which May Be Asserted Under 28 U.S.C. § 2241 or 42 U.S.C. § 1983

Mr. Towle claims that the DOC designated him in violation of his federal constitutional rights, which caused him to suffer reputational stigma, "unusual punishment," and other harm.  Such claims, however, do not challenge the validity of his current incarceration.  Instead, his claims challenge the manner in which the DOC is executing Mr. Towle's sentence and/or challenge the constitutionality of the conditions of his confinement at the DOC.  Such claims may be actionable under 28 U.S.C. § 2241 or under 42 U.S.C. § 1983, but may not be added to this § 2254 case.  The district judge, therefore, should deny Mr. Towle's motions to amend as futile, to the extent they assert such claims, without prejudice to Mr. Towle's ability to seek relief under either § 2241 or § 1983 as appropriate.

V.    Claims Asserting Violations of the New Hampshire Constitution

In the claims he seeks to add to his § 2254 petition, Mr. Towle asserts violations of his rights under the New Hampshire Constitution.  However, "federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal quotation marks and citation omitted).  The district judge should therefore deny Mr. Towle's motion to amend as futile to the extent he seeks to add claims to this case arising under state law.

**Conclusion**[3]

For the foregoing reasons, the court recommends that the district judge deny Mr. Towle's motions to amend his 28 U.S.C. § 2254 petition in this case (Doc. Nos. 218, 221).  Any objections to this R&R must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion.  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

March 9, 2026

cc:     Robert Towle, pro se
        Elizabeth C. Woodcock, Esq.
        Lynmarie C. Cusack, Esq.
        Sam Michael Gonyea, Esq.

---

[3] Because the September 16, 2025 R&R (Doc. No. 224) recommending dismissal of Mr. Towle's § 2254 Claims 20-24, the district judge's approval of this R&R, if that R&R is still pending, would not result in the entry of final judgment.  Accordingly, the undersigned Magistrate Judge does not, at this time, make any recommendation as to whether the district judge should grant or deny a Certificate of Appealability.